UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION
===============================================X

GLOBAL GOODS COLLECTIVE, LLC.                COMPLAINT AND
                                             JURY DEMAND

                          Plaintiff,

          -against-                          Case No.

APEMAN INTERNATIONAL CO., LTD., SEVILLE
CLASSICS, INC., GUILIN ZHISHEN INFORMATION
TECHNOLOGY CO., LTD., PRATIK JAIN d/b/a THREAD
SPREAD, GODOX PHOTO EQUIPMENT CO., LTD. and
EMPAVA APPLIANCES, INC.,

                          Defendants
===============================================X

        Plaintiff, by its undersigned attorneys, alleges the following as and for its Complaint

against Defendant:

## JURISDICTION AND VENUE

1.       This Court has original subject matter jurisdiction pursuant to 28 U.S.C §1331, 28 U.S.C

§1332, 28 U.S.C §1337, 28 U.S.C §1338 and 15 U.S.C. §1051, *et seq*.

2.       Venue is proper pursuant to 28 U.S.C. §1391 and this Court may properly exercise

personal jurisdiction over Defendants since each of the Defendants directly targets business

activities toward consumers in the United States, including Illinois residents by: setting up

and operating e-commerce stores that target United States consumers including those in

Illinois; offering and shipping goods to the United States, including Illinois; accepting

payment in U.S. dollars and selling products to residents of Illinois; committing tortious acts

in Illinois; engaging in interstate commerce; and/or wrongfully causing Plaintiff substantial

harm in Illinois.

## INTRODUCTION

3.      Plaintiff has been forced to file this action to address Defendants' knowingly false and defamatory claims made in, on and to the online marketplace amazon.com owned and operated by Amazon.com, Inc. ("Amazon") to wit: that Plaintiff markets and sells goods on amazon.com that are counterfeit, inauthentic and/or infringed Defendants' intellectual property rights.

4.      Plaintiff never sold any of the goods in question on amazon.com. However, had Plaintiff done so, it would have been within its rights pursuant to, inter alia, the First Sale Doctrine.

5.      As the direct result of Defendants' knowingly false and defamatory claims Plaintiff was first prohibited by Amazon from selling the goods in question. Thereafter, Plaintiff's Amazon seller account was suspended *in toto*, preventing it from selling anything, not just the goods in question, on Amazon. In addition, Amazon has withheld and refused to disburse funds belonging to Plaintiff.

6.      Plaintiff has repeatedly notified Defendants that their claims are false and demanded their retraction. Defendants have either ignored those overtures or falsely claimed Plaintiff violated online distribution agreements restricting sale of the goods on Amazon which Plaintiff is neither a party to, nor bound by.

7.      Despite having actual knowledge that their claims are false and that they are acting in violation of the law, Defendants have intentionally and maliciously harmed Plaintiff by virtue of their defamatory, tortious and anti-competitive actions causing, inter alia, lost sales, breach of contractual relations with Amazon, damaged business reputation and degradation of its business' value.

## **PARTIES**

8.      Plaintiff is a domestic limited liability company organized and existing under the laws of Illinois with a principal place of business in Lisle, Illinois from which it operates the Amazon

Storefront, "Global Goods Co." under Amazon Merchant Identification Number: A2DI2DR1VKH4US.

9.      Upon information and belief, APEMAN INTERNATIONAL CO., LTD. ("APEMAN") is a foreign entity with a principal place of business in Huanan City, China. At all relevant times, APEMAN operated the Amazon Storefront, "ApemanDirect" under Amazon Merchant Identification Number: A1FYYQ6535PX24.

10.  Upon information and belief, SEVILLE CLASSICS, INC. ("SEVILLE") is a domestic corporation with a principal place of business located in Torrance, California. At all relevant times, SEVILLE operated the Amazon storefront "SEVILLE CLASSICS" under Amazon Merchant Identification Number A1NXNOQV3LP9BH.

11.      Upon information and belief, Defendant GUILIN ZHISHEN INFORMATION TECHNOLOGY CO., LTD. ("GUILIN") is a foreign entity with a principal place of business in Shenzhen, China. At all relevant times, GUILIN operated an Amazon storefront called Zhiyun-Tech under Amazon Merchant Identification Number A1BJ1I17KZ6JEP

12.      Upon information and belief, Defendant PRATIK JAIN d/b/a THREAD SPREAD ("JAIN") is an individual domiciled in Erode, India. At all relevant times JAIN operated the Amazon storefront "Thread Spread" under Amazon Merchant Identification Number AINOPQOZXOYQE.

13.      Upon information and belief, Defendant GODOX PHOTO EQUIPMENT CO., LTD. ("GODOX") is a foreign entity with a principal place of business in Shenzhen, China. At all relevant times GODOX operated the Amazon storefront "GODOX" under Amazon Merchant Identification Number A1DIQY9C86LTU9.

14.      Upon information and belief, Defendant EMPAVA APPLIANCES, INC. ("EMPAVA")

is a domestic corporation with a principal place of business located in City of Industry, California. At all relevant times, EMPAVA operated the Amazon storefront "EMPAVA APPLIANCES, INC." under Amazon Merchant Identification Number A14ZZWZVPRBQJN.

## **FACTS**

15.    The events material to this action occurred between February 2018 and continue to date ("the relevant period").

16.    The bases for all allegations made herein upon information and belief are investigations undertaken by Plaintiff and/or its attorneys including, *inter alia*: reviewing information pertaining to Defendants maintained and provided by Amazon and/or available to the public; statements and complaints about Plaintiff purportedly made by Defendants; Plaintiff and its counsel's extensive knowledge of the rules, practices and procedures governing the sale of goods on Amazon, including the conduct at issue herein and; representations of reputable sellers of Defendants' goods, upon which Plaintiff relied in good faith.

17.    During the relevant period, Plaintiff marketed and sold goods on the online marketplace known as amazon.com pursuant to a contract ("the contract") with Amazon.com, Inc. ("Amazon").

18.    Upon information and belief, Amazon has developed an automated process for addressing complaints relating to the sale of goods that are inauthentic, counterfeit and/or infringe on intellectual property rights. Pursuant to that process Amazon will often suspend sellers about whom such complaints are made.

19.    Amazon's policy, which is published to all sellers including Defendants, states "[i]f your notice of infringement is accepted, we will remove the content you reported and take appropriate

action against the responsible sellers."[1]

20.     "Inauthentic" as that term is used in the Amazon marketplace lexicon is a term of art which connotes goods that differ materially from their description on amazon.com or otherwise infringe on intellectual property rights.

21.     "Counterfeit" as that term is used in the Amazon marketplace lexicon connotes goods that are false or fraudulent copies of legitimate goods or otherwise infringe on intellectual property rights.

22.     At no time did Plaintiff market or sell any goods that were inauthentic, counterfeit or infringed on the intellectual property rights of Defendants.

23.     During the relevant period, Plaintiff marketed goods manufactured by Defendants on Amazon with the intent to sell them by the method known as "drop shipping". Drop shipping is the practice of accepting a customer's order for a certain product, then purchasing that product from another seller and having it shipped directly to the customer.

24.     At no time prior to the acts complained of did Plaintiff purchase, procure, possess, sell or drop ship any goods manufactured by Defendants.

25.     After Defendants committed the acts complained of, Plaintiff purchased goods purportedly manufactured by Defendants from reputable sellers thereof, including Home Depot, Overstock.com and B&H Photo & Electronics.

26.     Each product listed for sale on Amazon is assigned a unique Amazon Sales Identification Number ("ASIN").

27.     It is Amazon's policy to prevent a product from being assigned multiple ASINS.

28.     In furtherance of that policy, Amazon requires sellers who wish to market and sell a

---

[1] https://sellercentral.amazon.com/gp/help/external/U5SQCEKADDAQRLZ.

product that is already listed for sale on Amazon to join the existing ASIN listing.

29.     Other than adding itself to the relevant listings as set forth *infra*, Plaintiff neither created nor modified any of the listings at issue herein.

### AS AND FOR A FIRST CAUSE OF ACTION: DEFAMATION AND DEFAMATION PER SE

30.     Plaintiff repeats all allegations as if set forth at length.

31.     During the relevant period, Plaintiff joined the existing listings for ASINs B0746CLZMF, B0746DB3HK, B0746DG22R and B0746D2N8B with the intent to sell the products corresponding thereto.

32.     Upon information and belief, the products corresponding to the aforementioned ASINs are manufactured by EMPAVA.

33.     On or about September 25th and October 1, 2019, EMPAVA knowingly made false statements by email to Amazon that Plaintiff was listing products under the aforementioned ASIN that were counterfeit and infringed on EMPAVA'S intellectual property rights. (See Exhibit A).

34.     As the result of these false representations by EMPAVA, Amazon removed Plaintiff from the listings for the aforementioned products, corresponding to the aforementioned ASINs thereby preventing Plaintiff from selling those products. (See Exhibit A).

35.     At various times during the relevant period, Plaintiff notified EMPAVA that its representations to Amazon were false, that Plaintiff never sold any products manufactured by EMPAVA and demanded that EMPAVA withdraw its false complaints which EMPAVA has continuously refused to do. (See Exhibit B).

36.     During the relevant period, Plaintiff joined the listings for ASINs B01LS23SES and B01GCP7EQO thereby offering to sell the products corresponding thereto.

37.     Upon information and belief, the products corresponding to the aforementioned ASINs are manufactured by GODOX.

38.     On or about September 29, 2019, using the email amazonus@godox.com, GODOX knowingly made false representations to Amazon that Plaintiff was listing products under the aforementioned ASINs that were counterfeit and infringed on GODOX's intellectual property rights. (See Exhibit C).

39.     As the result of these false representations by GODOX, Amazon removed Plaintiff from the listings for the aforementioned products, corresponding to the aforementioned ASINs thereby preventing Plaintiff from selling those products. (See Exhibit C).

40.     At various times during the relevant period, Plaintiff notified GODOX that its representations to Amazon were false, that Plaintiff has never sold any of its products and demanded that GODOX withdraw its false complaints which GODOX has refused to do. (See Exhibit D).

41.     During the relevant period, Plaintiff joined the listings for ASIN B01FNZSKFI thereby offering to sell the products corresponding thereto.

42.     Upon information and belief, the products corresponding to the aforementioned ASIN are manufactured by JAIN.

43.     On or about September 29, 2019, using the email ceo@threadspread.it JAIN knowingly made false representations to Amazon that Plaintiff was listing products under the aforementioned ASIN that were counterfeit and infringed on JAIN's intellectual property rights. (See Exhibit E).

44.     As the result of these false representations by JAIN, Amazon removed Plaintiff from the listings for the aforementioned products, corresponding to the aforementioned ASINs thereby

preventing Plaintiff from selling those products. (See Exhibit E).

45.     At various times during the relevant period, Plaintiff notified JAIN that its representations to Amazon were false, that Plaintiff has never sold any of its products and demanded that JAIN withdraw its false complaints which JAIN has refused to do. (See Exhibit F).

46.     During the relevant period, Plaintiff joined the listings for ASIN B075N1YKR6 thereby offering to sell the products corresponding thereto.

47.     Upon information and belief, the products corresponding to the aforementioned ASIN are manufactured by SEVILLE.

48.     On or about October 8, 2019, using the email bill.kahale@sevilleclassics.com, SEVILLE knowingly made false representations to Amazon that Plaintiff was marketing and selling products under the aforementioned ASIN that were counterfeit, inauthentic and/or infringed on SEVILLE's intellectual property rights. (See Exhibit G).

49.     As the result of these false representations by SEVILLE, Amazon removed Plaintiff from the listings for the aforementioned products, corresponding to the aforementioned ASINs thereby preventing Plaintiff from selling those products. (See Exhibit G).

50.     At various times during the relevant period, Plaintiff notified SEVILLE that its representations to Amazon were false, that Plaintiff has never sold any of its products and demanded that SEVILLE withdraw its false complaints which SEVILLE has refused to do. (See Exhibit H).

51.     During the relevant period, Plaintiff joined the listings for ASIN B0769HNCTT thereby offering to sell the products corresponding thereto.

52.     Upon information and belief, the products corresponding to the aforementioned ASINs

are manufactured by GUILIN.

53.     On or about October 8, 2019, using the email brand-us@zhiyun-tech.com, GUILIN knowingly made false and defamatory representations to Amazon that Plaintiff was marketing and selling products under the aforementioned ASIN that were counterfeit and infringed on JAIN's intellectual property rights. (See Exhibit I).

54.     As the result of these false representations by GUILIN, Amazon removed Plaintiff from the listings for the aforementioned products corresponding to the aforementioned ASIN thereby preventing Plaintiff from selling those products. (See Exhibit I).

55.     At various times during the relevant period, Plaintiff notified GUILIN that its representations to Amazon were false, that Plaintiff has never sold any of its products and demanded that GUILIN withdraw its false complaints which GUILIN has refused to do. (See Exhibit J).

56.     During the relevant period, Plaintiff joined the listings for ASIN B01MY6GWSW thereby offering to sell the products corresponding thereto.

57.     Upon information and belief, the products corresponding to the aforementioned ASIN are manufactured by APEMAN.

58.     On or about October 10, 2019, using the email syrvc@qq.com, APEMAN knowingly made false representations to Amazon that Plaintiff was marketing and selling products under the aforementioned ASIN that were counterfeit, inauthentic and/or infringed on APEMAN's intellectual property rights. (See Exhibit K).

59.     As the result of these false representations by APEMAN, Amazon removed Plaintiff from the listings for the aforementioned products, corresponding to the aforementioned ASINs thereby preventing Plaintiff from selling those products. (See Exhibit K).

60.     At various times during the relevant period, Plaintiff notified APEMAN that its representations to Amazon were false, that Plaintiff has never sold any of its products and demanded that GUILIN withdraw its false complaints which GUILIN has refused to do. (See Exhibit L).

61.     At all relevant times, Defendants failed to verify the truthfulness of their statements or investigate Plaintiff's sources for the relevant products before publishing their false statements to Amazon in bad faith and without privilege or justification.

62.     At the times and in the manner set forth above, Defendants knowingly false statements to Amazon constituted accusations that Plaintiff trafficked in counterfeit goods which is a crime pursuant to 18 U.S.C. §2320.

63.     Defendants' false statements were, *prima facie*, injurious to Plaintiff's business.

64.     At all relevant times, Defendants acted in bad faith with actual malice, oppression and reckless disregard for Plaintiff's rights.

65.     The aforementioned false and defamatory statements regarding Plaintiff's business practices constitute defamation *per se*.

66.     As the result of the foregoing actions by Defendants, Plaintiff has sustained damages including, *inter alia*, lost sales, harm to its reputation and diminution of the value of its business.

67.     Pursuant to all applicable statutes, laws, rules and regulations, Defendants are liable to Plaintiff for compensatory, statutory and punitive damages as well as reasonable legal fees and expenses.

**AS AND FOR A SECOND CAUSE OF ACTION:**
**TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS**

68.     Plaintiff repeats all allegations as if set forth at length.

69.     At all relevant times, Plaintiff had an advantageous business relationship with Amazon,

which allowed it to sell on Amazon's website as a third-party seller.

70.    At all relevant times, Plaintiff was in a contractual relationship with Amazon.

71.    At all relevant times Defendants were aware of Plaintiff's business and contractual relationship with Amazon.

72.    On October 10, 2019, Amazon canceled its contract with Plaintiff and suspended Plaintiff's seller account due to Defendants' knowingly false and defamatory complaints and their refusal to withdraw them, thereby preventing Plaintiff from doing any business on amazon.com.

73.    Defendants intentionally interfered with Plaintiff's contractual and business relationship with Amazon as set forth above.

**AS AND FOR A THIRD CAUSE OF ACTION:**
**<u>TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE</u>**

74.    Plaintiff repeats all allegations as if set forth at length.

75.    As a result of its business and contractual relationship with Amazon Plaintiff had a reasonable expectation of entering a business relationship with customers wishing to purchase goods through its Amazon storefront.

76.    Upon information and belief, Defendants were aware of Plaintiff's aforementioned expectation.

77.    By virtue of their aforementioned knowingly false statements to Amazon, Defendants intentionally and unjustifiably interfered with the aforementioned expectation by causing the cancellation of Plaintiff's contractual and business relationship with Amazon.

78.    Plaintiff was harmed by the aforementioned intentional and unjustifiable interference with Plaintiff's prospective economic advantage.

**<u>INJUNCTIVE RELIEF</u>**

79.     Plaintiff repeats all allegations as if set forth at length.

80.     Plaintiff faces a real and imminent danger of irreparable harm as any further complaints by Defendants in combination with those previously made will result in further irreparable damage to its reputation, diminution in the value of its business and other harm.

81.     An injunction requiring Defendants to withdraw their complaints and prohibiting them from making future complaints is necessary to protect Plaintiff's legal rights including, but not limited to selling goods on Amazon.

82.     Plaintiff is likely to succeed on the merits of the claims contained herein because, *inter alia*, Defendants' actions constitute defamation *per se* and, the only available defense to Plaintiff's claims is that Defendants' statements were true, which they were not.

83.     The public interest will be served by the issuance of an injunction in this matter because large companies such Defendants should not be allowed to defame, strongarm and otherwise interfere in the lawful business activities of good faith competitors in an open market with impunity.

84.     Unless this court issues the requested injunction Plaintiff's contractual and business relations with Amazon will remain severed indefinitely and Plaintiff will be prevented from engaging in prospective business relations in the future.

Wherefore, Plaintiff respectfully requests that this Court enter an Order: permanently enjoining Defendants from the tortious acts complained of; directing Defendants to withdraw their knowingly false complaints made to Amazon regarding Plaintiff; awarding Plaintiff compensatory, statutory and punitive damages in an amount to be determined at trial and; granting Plaintiff all other appropriate relief.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 39.

Dated: September 24, 2020
      Long Beach, New York

                              *CORY JAY ROSENBAUM*
                              Rosenbaum, Famularo & Segall, P.C.
                              By: Cory Jay Rosenbaum, Esq.
                              cj@amazonsellerslawyer.com
                              138A East Park Avenue
                              Long Beach, New York 11561
                              212.256.1109